In re Christine ROUNDTREE, Debtor.

Bankruptcy No. 8300671.

United States Bankruptcy Court,
D. Rhode Island.

March 2, 1984.

Russell D. Raskin, Providence, R.I., for debtor.

John Boyajian, Boyajian, Coleman & Harrington, Providence, R.I., Trustee.

## DECISION DENYING DEBTOR'S MOTION TO AMEND, AND ORDER DISMISSING CASE

ARTHUR N. VOTOLATO, Jr., Bankruptcy Judge.

Heard on January 10, 1984, on the debtor's motion to amend her Chapter 13 plan, to reduce payments from $60 to $30 per week.

The debtor's plan was confirmed on November 21, 1983, after she amended her original plan to increase the dividend to creditors from 31% to 75%. The majority of Ms. Roundtree's debts are educational loans [1] which would be nondischargeable in a Chapter 7 case. Less than one month after confirmation, on December 14, 1983, the debtor has moved to amend the plan downward, on the ground that she is unable to make the required payments.

Because of the nature of the debts which constitute the bulk of this debtor's obligations, it can be said with certainty that her original plan would not have been confirmed, and that confirmation occurred only when the debtor agreed to increase the dividend to creditors to its present (75%) level. The debtor's motion to amend, if granted, would in effect reinstate her original plan, with no demonstrated change of circumstances. There is no cause now to allow amendment of the plan to a level which would not have been confirmed as originally filed.

At the hearing on the motion to amend, the debtor testified that when she earlier agreed to modify her plan to increase payments to creditors, she was under severe emotional strain, having attended the funeral of a close friend on the date of the confirmation hearing. She claims that she did not understand the consequences of her agreement, and that although she knew that her original plan provided for a 31% dividend to creditors, she did not know what that 31% amounted to in terms of dollars. Neither did she have any idea what the 75% would cost.

The debtor's testimony, both at the confirmation hearing and at the hearing on the motion to amend, was unconvincing, but she did go to great—and unsolicited—length to assure the Court that she possesses great integrity and that she filed this Chapter 13 case out of desire to "honor [her] obligations" by repaying her creditors. In this regard, Ms. Roundtree testified that, with hindsight, she would have been better off financially had she not filed a Chapter 13 case, because monthly payments of a 75% dividend to creditors over three, or even five, years would be greater than out of Court payments based on a 100% payback extended over ten years.[2] In apparent agreement, the trustee suggested that dismissal of the case might well be in the best interest of both the debtor and her creditors, and would allow her to make private arrangements with her educational loan creditors over ten years, rather than within the three- or five-year limitations imposed by the Bankruptcy Code. In reply to the Court's inquiry with respect to the debtor's own "comment that she would be better off out of Bankruptcy Court," the debtor's attorney, after conferring with Ms. Round-

---

1. Educational loan debts of $18,306 constitute 98.3% of the debtor's total obligations.

2. Ms. Roundtree apparently referred to a ten-year repayment period because several of the notes provide for payment over a ten-year term, commencing nine months after the borrower ceases to carry at least one-half the normal fulltime academic workload.

tree, stated that he "believe[d] she said that was her reaction shortly after the confirmation," but he was "not sure whether that is still the case." This turnabout casts additional doubt on the debtor's alleged good faith.

The Court treats the trustee's comments regarding dismissal as a motion to dismiss by a party in interest,[3] 11 U.S.C. § 1307(c). Because of the fact (and it is indeed a finding of fact) that the debtor's plan would not have been confirmed if the dividend to creditors had not been increased to the present level, and based on the debtor's testimony that her income is likely to increase significantly in the future,[4] the interests of both the debtor and her creditors will best be served by dismissal of her case at this time, without prejudice to her right to file another Chapter 13 petition at a time when a feasible plan can be proposed.

For the reasons stated, it is ORDERED that the debtor's motion to amend her plan is denied, and this Chapter 13 case is dismissed.

**3.** Based on the evidence, if the trustee had not made the suggestion that the debtor and her creditors would both benefit from a dismissal of the case (which we treat here as a motion to dismiss), the Court would have ordered dismissal *sua sponte,* pursuant to its powers under 11 U.S.C. § 105(a).

**4.** The debtor does not seek to have the loans discharged on the basis of "undue hardship" (and the evidence would not support such a contention), 11 U.S.C. § 523(a)(8)(B), but in effect contends that hardship should enable her to reduce her payments to a level at which her plan would not have been confirmed in the first place. Accordingly, it is appropriate to consider here some of the factors discussed by other courts in determining the dischargeability of educational loans on the ground of "undue hardship." One of the factors frequently considered by bankruptcy courts is "whether the education enabled or would enable the debtor to obtain substantially higher income." *Price v. Bureau of Student Financial Assistance (In re Price),* 25 B.R. 256, 258 (Bkrtcy.W.D.Mo. 1982); *see also Carter v. Kent State University (In re Carter),* 29 B.R. 228 (Bkrtcy.N.D.Ohio 1983); *Love v. Department of Health, Education and Welfare (In re Love),* 28 B.R. 475 (Bkrtcy.S.D.Ind.1983); *Ford v. New York State Higher Education Services Corp. (In re Ford),* 22 B.R. 442 (Bkrtcy.W.D.N.Y.1982). We conclude from Ms. Roundtree's testimony and her assurances of increased income in the future, that her education will "enable the debtor to obtain substantially higher income." *In re Price, supra,* 25 B.R. at 258. The allegations of hardship in Ms. Roundtree's present circumstances are far outweighed by the bright prospect of her future earning capacity.